UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. ARRIAGA,<br><br>        Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>        Respondent. | 1:08-CV-01837 OWW SMS HC<br><br>ORDER DENYING REQUESTS FOR EXTENSION OF TIME<br><br>[Docs. #20, 21] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 19, 2009, the undersigned issued a Findings and Recommendation which recommended the petition be denied. On July 7, 2009, the District Court adopted the Findings and Recommendation and denied the petition with prejudice.

On December 4, 2009, Petitioner filed a request for an extension of time to file a request for certificate of appealability. On February 1, 2010, he filed a motion for application of tolling to file a request for certificate of appealability. The Court hereby CONSTRUES Petitioner's motions as motions for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is

entered." Under Rule 4(a)(5)(A), the district court may extend the time to file a notice of appeal "if: (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." In this case, the time for filing a notice of appeal expired on August 6, 2009. Thus, under Rule 4(a)(5)(A)(i) Petitioner had until September 5, 2009, to file a motion to extend time. Petitioner did not do so until December 4, 2009, which was three months too late. Pursuant to Rule 4(a)(5)(A)(ii), unless Petitioner can demonstrate excusable neglect or good cause, his motion must be denied.

Petitioner argues his three month delay was due to excusable neglect and good cause. He claims that state action prevented him from filing his motion any sooner. Specifically, he states he was transferred between prisons and was without his legal property between June 15, 2009, until September 2, 2009, at which time he received his property including his legal paperwork. He states he believed then that time had expired to request an appeal in his case. Nevertheless, Petitioner delayed for another three months before he filed the instant motion. He claims this delay was necessary so he could secure evidence demonstrating good cause for that delay. The Court does not find good cause or excusable neglect in this case. Knowing that time was of the essence and believing the deadline had already passed, Petitioner still waited three months before seeking an extension. Moreover, Petitioner was admittedly in possession of all the documents he states were necessary to show good cause at the latest on October 15, 2009, and he still delayed nearly two more months.

Accordingly, Petitioner's request for an extension of time to file a notice of appeal is DENIED.

IT IS SO ORDERED.

**Dated:   February 9, 2010**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE